IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID C. RODEARMEL,<br>912 Strawberry Court<br>Purcellville, VA 20132<br><br>    Plaintiff,<br><br>v.<br><br>HILLARY RODHAM CLINTON,<br>in her official capacity as U.S.<br>Secretary of State,<br>2201 C Street N.W.<br>Washington, D.C. 20520,<br><br>and<br><br>U.S. DEPARTMENT OF STATE,<br>2201 C Street N.W.<br>Washington, D.C. 20520,<br><br>    Defendants. | Civil Action No.: |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, David Rodearmel, hereby sues Defendants Hillary Rodham Clinton, in her official capacity as the U.S. Secretary of State, and the U.S. Department of State, for declaratory and injunctive relief. Plaintiff contests the constitutionality of Defendant Clinton's appointment to the office of U.S. Secretary of State and her continuance in that office, and as grounds therefor, alleges as follows:

### JURISDICTION AND VENUE

1. The Court has exclusive jurisdiction over this action pursuant to Public Law No. 110-455, 122 Stat. 5036, which allows any person aggrieved by an action of the U.S. Secretary of

State to contest "the constitutionality of the appointment and continuance in office of the Secretary of State on the grounds that such appointment and continuance in office is in violation of article I, section 6, clause 2, of the U.S. Constitution." Public Law No. 110-455, 122 Stat. 5036, § 1(b)(1) (2008). This same statute requires that any such challenge be heard and determined by a three-judge panel in accordance with 28 U.S.C. § 2284. *Id.* at § 1(b)(2). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the U.S. Constitution.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (e).

## PARTIES

3. Plaintiff David Rodearmel is a commissioned U.S. Foreign Service Officer employed by the U.S. Department of State. Plaintiff resides at 912 Strawberry Court, Purcellville, Virginia 20132.

4. Defendant Hillary Rodham Clinton is the U.S. Secretary of State and has her principal place of business at the U.S. Department of State, 2201 C Street, N.W., Washington, D.C. 20520. Defendant Clinton is being sued in her official capacity.

5. Defendant U.S. Department of State is an agency of the U.S. Government. It has its principal place of business at 2201 C Street, N.W., Washington, D.C. 20520.

## FACTUAL ALLEGATIONS

6. Plaintiff has been a commissioned U.S. Foreign Service Officer at the U.S. Department of State since 1991. He currently holds the rank of FSO O-2. Plaintiff also is a retired U.S. Army Judge Advocate General Reserve Officer with the rank of Lieutenant Colonel. Prior to becoming a Foreign Service Officer, Plaintiff served as a military lawyer and an

intelligence officer in the U.S. Army. Plaintiff has received numerous awards and commendations from both the U.S. Department of State and the U.S. military. Plaintiff also has had numerous teaching assignments, including serving as an Assistant Professor of Political Science at the U.S. Air Force Academy, and as an Instructor of International Law, U.S. Constitutional Law, and other legal areas for the Defense Institute of International Legal Studies and the University of Maryland Berlin Education Center. Plaintiff holds a Bachelor of Arts degree from Brigham Young University in Provo, Utah, a Juris Doctorate from the University of Washington in Seattle, Washington, a Master of Laws degree from the Judge Advocate General's School, U.S. Army, in Charlottesville, Virginia, and a Master of Arts degree from the U.S. Naval War College in Newport, Rhode Island.

7. When he became a commissioned Foreign Service Officer in 1991, Plaintiff took the following, statutorily-prescribed oath of office:

> I, David Rodearmel, do solemnly swear that I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this oath freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

*See* 5 U.S.C. § 3331. Plaintiff also took this same oath years earlier when he became a U.S. military officer in 1977.

8. Plaintiff has remained true to his oath throughout his career and intends to remain so through the duration of his employment as a U.S. Foreign Service Officer at the U.S. Department of State. Plaintiff is and expects to continue to be fully qualified and lawfully entitled to continue his employment as a U.S. Foreign Service Officer at the U.S. Department of State.

9. On January 21, 2009, Defendant Clinton became the U.S. Secretary of State. Prior to becoming U.S. Secretary of State, Defendant Clinton served as a U.S. Senator from the State of New York. Defendant Clinton was elected to her first, six-year term in the U.S. Senate in November 2000. She was reelected to a second, six-year term in the U.S. Senate in November 2006. Her second term in the U.S. Senate began in January 2007 and does not expire until January 2013.

10. During Defendant Clinton's tenure in the U.S. Senate, the compensation paid to the U.S. Secretary of State increased several times, including as many as three times since Defendant Clinton began her second, six-year term in the U.S. Senate in January 2007: (i) by Executive Order 13420, issued December 21, 2006, the U.S. Secretary of State's salary was increased to $186,600, effective on the first day of the first applicable pay period beginning on or after January 1, 2007; (ii) by Executive Order 13454, issued January 4, 2008, the U.S. Secretary of State's salary was increased to $191,300, effective on the first day of the first applicable pay period beginning on or after January 1, 2008; and (iii) by Executive Order 13483, issued on December 18, 2008, the U.S. Secretary of State's salary was increased to $196,700, effective on the first day of the first applicable pay period beginning on or after January 1, 2009.

11. Article I, section 6, clause 2 of the U.S. Constitution states, in pertinent part:

> No Senator or Representative shall, during the Time for which he was elected, be appointed to any civil Office under the Authority of the United States, which shall have been created, or the Emoluments whereof shall have been encreased during such time; and no Person holding any Office under the United States, shall be a Member of either House during his Continuance in Office.

U.S. Const., art. I, § 6, cl. 2.

12. The office of U.S. Secretary of State is a "civil Office under the Authority of the United States" as described in article I, section 6, clause 2 of the U.S. Constitution, and the "emoluments" of that office increased during the time Defendant Clinton was elected to serve and did serve as U.S. Senator from the State of New York.

13. In an ineffectual attempt to evade the restrictions article I, section 6, clause 2 of the U.S. Constitution places on Defendant Clinton's eligibility to serve as the U.S. Secretary of State, on December 10, 2008, the U.S. Congress passed a Joint Resolution, effective at noon on January 20, 2009, reducing the "compensation and other emoluments" of the office of the U.S. Secretary of State to those in effect on January 1, 2007:

> Section 1. COMPENSATION AND OTHER EMOLUMENTS ATTACHED TO THE OFFICE OF THE SECRETARY OF STATE.
>
> (a) In General. -- The compensation and other emoluments attached to the office of Secretary of State shall be those in effect January 1, 2007, notwithstanding any increase in such compensation or emoluments after that date under any provision of law, or provision which has the force and effect of law, that is enacted or becomes effective during the period beginning at noon of January 3, 2007, and ending at noon of January 3, 2013.

*See* Public Law No. 110-455, 122 Stat. 5036. The Joint Resolution was signed by President George W. Bush and became law on December 19, 2008. However, the Joint Resolution does not and cannot change the historical fact that the "compensation and other emoluments" of the office of the U.S. Secretary of State increased during Defendant Clinton's tenure in the U.S. Senate, including as many as three times during the second, six-year term to which she was elected.

14. Defendant Clinton is constitutionally ineligible to serve as the U.S. Secretary of State by reason of article I, section 6, clause 2 of the U.S. Constitution. She will not be eligible

to hold any civil office under the authority of the United States until the second, six-year term to which she was elected expires in January 2013.

15. As a commissioned U.S. Foreign Service Officer, Plaintiff serves under, takes direction from, and reports to the U.S. Secretary of State.

16. Plaintiff is being aggrieved by the actions of Defendants Clinton and the U.S. Department of State. Namely, Plaintiff is being required to serve under, take direction from, and report to Defendant Clinton, who is constitutionally ineligible to be appointed to or serve as U.S. Secretary of State until at least 2013, when her current U.S. Senate term expires.

17. Requiring Plaintiff to serve under, take direction from, and report to Defendant Clinton harms Plaintiff because it is in direct and unequivocal conflict with the oath Plaintiff took to defend and bear true faith and allegiance to the U.S. Constitution and to faithfully discharge the duties of his office. Because Defendant Clinton is constitutionally ineligible to serve as U.S. Secretary of State, Plaintiff cannot serve under Defendant Clinton without violating his oath. Should Plaintiff refuse to serve under, take direction from, or report to Defendant Clinton, Plaintiff would be at substantial risk of disciplinary action, including removal, for insubordination or other, related grounds.

18. Requiring Plaintiff to serve under, take direction from, and report to Defendant Clinton also harms Plaintiff because it materially and fundamentally changes the terms and conditions of Plaintiff's employment as a U.S. Foreign Service Officer at the U.S. Department of State, as Plaintiff is being required to violate his oath if he is to continue in his employment as a U.S. Foreign Service Officer at the U.S. Department of State.

19. Requiring Plaintiff to serve under, take direction from, and report to Defendant Clinton also harms Plaintiff because it constructively discharges him from his employment as a U.S. Foreign Service Officer at the U.S. Department of State if he is to remain faithful to his oath.

## COUNT I
### (Declaratory and Injunctive Relief - U.S. Const., art. I, sec. 6, cl. 2)

20. Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

21. Defendant Clinton's appointment and continuance in office as U.S. Secretary of State violates article I, section 6, clause 2 of the U.S. Constitution.

22. Plaintiff is suffering and will continue to suffer significant, irreparable harm by reason of Defendant Clinton's unconstitutional appointment and continuance in office as U.S. Secretary of State.

## COUNT II
### (Declaratory and Injunctive Relief - U.S. Const., amend. V)

23. Plaintiff realleges paragraphs 1 through 22 as if fully stated herein.

24. Plaintiff possesses a property right in his continued employment as a U.S. Foreign Service Officer at the U.S. Department of State.

25. Defendants are violating Plaintiff's rights under the Fifth Amendment to the U.S. Constitution by depriving Plaintiff of his property right to continued employment as a U.S. Foreign Service Officer at the U.S. Department of State without due process of law.

26. Plaintiff is suffering and will continue to suffer significant, irreparable harm by reason of Defendants' violation of his constitutional rights.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants:

(1) declaring Defendant Clinton's appointment and continuance in office as U.S. Secretary of State to be in violation of article I, section 6, clause 2 of the U.S. Constitution;

(2) declaring Defendants' requirement that Plaintiff serve under, take direction from, and report to Defendant Clinton to be a violation of Plaintiff's rights under the Fifth Amendment to the U.S. Constitution;

(3) enjoining Defendant Clinton from continuing to serve as U.S. Secretary of State;

(4) enjoining Defendant U.S. Department of State from requiring Plaintiff to serve under, take direction from, and report to Defendant Clinton; and

(5) granting any and all other relief the Court deems just and proper.

Dated: January 29, 2009

Respectfully submitted,

JUDICIAL WATCH, INC.

Paul J. Orfanedes
D.C. Bar No. 429716

James F. Peterson
D.C. Bar No. 450171
Suite 500
501 School Street, S.W.
Washington, D.C. 20024
(202) 646-5172

*Attorneys for Plaintiff*