**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID C. RODEARMEL,        )<br>                                              )<br>        Plaintiff,              )<br>                                              )<br>v.                                           )<br>                                              )<br>HILLARY RODHAM CLINTON, et al.  )<br>                                              )<br>        Defendants.          )<br>_____) | No. 1:09-cv-00171-RBW-JR<br><br>Honorable Karen LeCraft Henderson<br>Honorable James Robertson<br>Honorable Reggie B. Walton |

**OPPOSITION TO MOTION OF PROFESSORS OF LINGUISTICS FOR LEAVE TO FILE MEMORANDUM AS *AMICI CURIAE* IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Plaintiff, by counsel, respectfully submits this opposition to the Motion for Leave to file as *amicus curiae* on behalf of an alleged group of professors of linguistics. For the reasons set forth below, the motion should be denied.

**MEMORANDUM OF LAW**

**I.   Legal Standard for Filing an *Amicus Curiae* Brief.**

The decision to grant or deny leave to file an *amicus* brief is solely within a district court's discretion. *Youming Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). An *amicus curiae*, or "friend of the court," "does not represent the parties but participates only for the benefit of the Court." *Id.* (citing *United States v. Microsoft Corp.*, 2002 U.S. Dist. LEXIS 26549 (D.D.C. 2002). "While no rule requires that an amicus be impartial, the court does consider the presence of partiality with regard to an amici's admittance." *Youming Jin*, 557 F. Supp. at 136 (citing *Smith v. Chrysler Fin. Co., L.L.C.*, 2003 U.S. Dist. LEXIS 1798 (D.N.J. 2003)). As summarized by one court:

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1063, 1064 (7th Cir. 1997).

**II.  The Proposed *Amici* Have Not Alleged Any Interest in This Case or Other Grounds to Participate in This Litigation.**

The proposed *amici* have not stated a sufficient basis to participate in this case. First, the proposed *amici* have not argued that Defendants lack "competent" representation nor have they asserted any "interest in some other case" that may be affected by the outcome of this case. In fact, the proposed *amici* fail to articulate any particular interest they may have in this case beyond that of any member of the general public.[1]

Instead, the proposed *amici* seem to believe that they should be able to join in this case simply because of their alleged expertise in linguistics.[2] They propose to offer expert testimony to the Court but without any opportunity to verify their expertise. *See New York v. Microsoft Corp.*, 2002 U.S. Dist. LEXIS 22862 at *4 (D.D.C. Nov. 6, 2002) (denying *amicus* status as information contained in the briefs is "akin to unsworn expert testimony").

In reality, the proposed *amici* simply seek to supplement an argument already made by

---

[1] It is, of course, curious how this seemingly random group of academics came together and felt the need to offer their opinions in this particular case. Plaintiff's counsel has submitted a Freedom of Information Act request to the Department of Justice to determine what role the government may have had in encouraging the submission of this brief.

[2] Significantly, proposed *amici* nowhere purport to be specialists in 18th Century linguistics or otherwise have unique insights into the language used by the Framers.

Defendants regarding the plain meaning of the word "increase." *See* Memorandum in Support of Defendants' Motion to Dismiss at 21-24. It is not the purpose of an *amicus* brief, however, simply to expand upon an argument that Defendants either did not believe was important enough or did not have sufficient space to include within their brief.

In any event, the Court is in no need of outside assistance to interpret the meaning of the word "increase" or simple grammar. The proposed *amici*'s motion for leave should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | JUDICIAL WATCH, INC. |
|  | /s/ Paul J. Orfanedes<br>D.C. Bar No. 492716 |
|  | /s/ James F. Peterson<br>D.C. Bar No. 450171<br>501 School Street, S.W., Suite 700<br>Washington, D.C. 20024<br>(202) 646-5172 |
| July 9, 2009 | Attorneys for Plaintiff |